[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14983
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60106-JIC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS QUINONES-BARCELO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 17, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Quinones-Barcelo appeals his 33-month sentence, at the low-end of the advisory guideline range, for conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a).  On appeal, Quinones-Barcelo argues that his sentence was substantively unreasonable and that the district court should have varied downward from the guideline range.  He asserts that his limited role in the offense and his family history and characteristics supported a downward variance.  After thorough review, we affirm Quinones-Barcelo's sentence.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id*. § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Then, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) sentencing factors. *Id.* The party who challenges the sentence bears the burden of showing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Although we do not automatically presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). That the district court imposed a sentence well below the statutory maximum penalty is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We reverse only if left with the firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

Here, we hold that Quinones-Barcelo's challenge to his sentence's substantive reasonableness is without merit.[1] His sentence is well below the statutory maximum sentence of 20 years. *See Gonzalez*, 550 F.3d at 1324. He committed the current offense while he was on supervised release—and a mere

---

[1]    Quinones-Barcelo does not challenge his sentence's procedural reasonableness.

3

nine months after his release from prison—for convictions for conspiracy to possess with intent to manufacture and distribute more than fifty marijuana plants, maintaining a drug-involved premise, and endangering human life while manufacturing marijuana. When Quinones-Barcelo and his co-conspirator were arrested for the current offense, police found a loaded pistol in a bag of materials that they were planning to bring to the robbery. Additionally, at sentencing, defense counsel presented arguments concerning Quinones-Barcelo's secondary role in the planned robbery, and the PSI detailed Quinones-Barcelo's family history. The district court stated that it had considered all of the information in the PSI and the parties' arguments, and the district court imposed a sentence at the low-end of the guideline range. Nothing in the record suggests that the court abused its discretion in determining that the seriousness of the offense, and the need to promote respect for the law, afford adequate deterrence, and protect the public from future crimes committed by Quinones-Barcelo outweighed his personal characteristics and secondary role in the planning of the robbery.

Accordingly, Quinones-Barcelo's sentence was substantively reasonable, and we affirm.

**AFFIRMED.**

4